**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| IN RE: TLI COMMUNICATIONS LLC PATENT LITIGATION ) ) ) ) | MDL No. 1:14md2534 |
| This document relates to ) ) | |
| TLI COMMUNICATIONS LLC, ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No: 1:14cv842-TSE-JFA |
| CAPITAL ONE FINANCIAL CORP., CAPITAL ONE, N.A., and CAPITAL ONE SERVICES, LLC, ) ) ) ) | |
| Defendants. ) ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Robert A. Angle (VSB No. 37691)
H. Scott Kelly (VSB No. 80546)
Stanley W. Hammer (VSB No. 82181)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
robert.angle@troutmansanders.com
scott.kelly@troutmansanders.com
stan.hammer@troutmansanders.com

*Counsel for Defendants, Capital One Financial Corporation, Capital One, N.A., and Capital One Services, LLC*

Dated: July 11, 2014

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

FACTUAL BACKGROUND ....................................................................................................... 2

LEGAL STANDARD ................................................................................................................... 3

ARGUMENT ................................................................................................................................. 4

I. TLI'S CLAIM OF DIRECT INFRINGEMENT BY "USE" SHOULD BE DISMISSED ................................................................................................................ 4

    A. TLI'S CLAIM OF DIRECT INFRINGEMENT BY "USE" SHOULD BE DISMISSED ........................................................................................ 4

    B. TLI'S CLAIM OF JOINT INFRINGEMENT FOR OTHERS' "USE" SHOULD BE DISMISSED ............................................................................. 6

II. TLI'S CLAIM OF INDIRECT INFRINGEMENT SHOULD BE DISMISSED .............. 8

    A. TLI'S CLAIM OF INDUCED INFRINGEMENT SHOULD BE DISMISSED ........................................................................................................ 9

    B. TLI'S CLAIM OF CONTRIBUTORY INFRINGEMENT SHOULD BE DISMISSED ........................................................................................................ 11

III. TLI'S CLAIMS UNDER 35 U.S.C. § 271(f) SHOULD BE DISMISSED ..................... 12

IV. TLI'S REQUESTS FOR ENHANCED DAMAGES SHOULD BE DISMISSED ........ 13

CONCLUSION ............................................................................................................................ 13

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
    365 U.S. 336 (1961) ................................................................................................................10

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..................................................................................................................3

*Associated Gen. Contractors v. Cal. State Council of Carpenters*,
    459 U.S. 519 (1983) ..................................................................................................................3

*Beatrice Foods Co. v. New England Printing & Lithographing Co.*,
    923 F.2d 1576 (Fed. Cir. 1991) ..............................................................................................13

*Blankenship v. Manchin*,
    471 F.3d 523 (4th Cir. 2006) ...................................................................................................4

*Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*,
    576 F.3d 1348 (Fed. Cir. 2009) .........................................................................................12, 13

*Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*,
    631 F.3d 1279 (Fed. Cir. 2011) .....................................................................................5, 6, 7, 8

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    131 S. Ct. 2060 (2011) .............................................................................................................8

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012) .........................................................................................11, 12

*Limelight Networks, Inc. v. Akamai Technologies, Inc.*,
    134 S. Ct. 2111 (2014) .........................................................................................................9, 10

*Move, Inc. v. Real Estate Alliance Ltd.*,
    709 F.3d 1117 (Fed. Cir. 2013) ................................................................................................6

*Muniauction, Inc. v. Thomson Corp.*,
    532 F.3d 1318 (Fed. Cir. 2008) ........................................................................................6, 7, 9

*New Amsterdam Cas. Co. v. Waller*,
    323 F.2d 20 (4th Cir. 1963) .....................................................................................................4

*Rembrandt Social Media, LP v. Facebook, Inc.*,
    950 F. Supp. 2d 876 (E.D. Va. 2013) ..........................................................................5, 6, 13

*TecSec, Inc. v. Int'l Bus. Machs.*,
   769 F. Supp. 2d 997 (E.D. Va. 2011) ................................................................................5, 8

*Unisone Strategic IP, Inc. v. Life Techs.*,
   No. 13-CV-1278, 2013 WL 5729487 (S.D. Cal. Oct. 22, 2013) ............................................11

*Vita-Mix Corp. v. Basic Holding, Inc.*,
   581 F.3d 1317 (Fed. Cir. 2009) ............................................................................................11

*Witthohn v. Fed. Ins. Co.*,
   164 F. App'x 395 (4th Cir. 2006) ..........................................................................................4

*WL Gore & Assocs. v. Medtronic, Inc.*,
   874 F. Supp. 2d 526 (E.D. Va. 2012) ................................................................................7, 8

*Zoltek Corp. v. United States*,
   672 F.3d 1309 (Fed. Cir. 2012) ............................................................................................13

**STATUTES**

35 U.S.C. § 271(a) .........................................................................................................9, 10

35 U.S.C. § 271(b) .........................................................................................................8, 9, 10

35 U.S.C. § 271(f) .........................................................................................................2, 12, 13

35 U.S.C. § 284 .............................................................................................................2, 13

**RULES**

Fed. R. Civ. P. 12(b)(6) .................................................................................................1, 3, 4

Defendants, Capital One Financial Corporation, Capital One, N.A., and Capital One Services, LLC (collectively, "Capital One"), by counsel, state as follows for their Memorandum in Support of Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).

## **INTRODUCTION**

In February 2014, Plaintiff TLI Communications LLC ("TLI") filed seven separate actions in this Court alleging direct and indirect infringement of U.S. Patent No. 6,038,295 (the "'295 Patent").[1] In *TLI Commc'ns LLC v. AV Automotive, L.L.C.*, *et al.*, Case No. 1:14cv00139-TSE-IDD ("*Google*"), defendant Google, Inc. ("Google") filed a Motion to Dismiss contending that TLI's claims are legally deficient and warrant dismissal pursuant to Fed. R. Civ. P. 12(b)(6). (*Google* ECF Nos. 18, 19.)  Google asserts a number of grounds to dismiss TLI's claims in their entirety:

- TLI failed to plead a claim of direct infringement by "use" of the claimed systems.

- TLI failed to plead a claim of joint infringement for others' "use" of the claimed methods and systems.

- TLI failed to plead that there are no substantial non-infringing uses.

- TLI failed to plead that the alleged inducer of infringement possessed a specific intent to encourage another's infringement of the '295 Patent.

---

[1]  The seven other TLI cases pending in this Court include *TLI Commc'ns LLC v. AV Automotive, L.L.C., and Apple Inc.*, No. 1:14-cv-00136-TSE-IDD (E.D. Va., Feb. 10, 2014); *TLI Commc'ns LLC v. Hall Automotive, L.L.C., Yahoo! Inc., and Tumblr, Inc.*, No. 1:14-cv-00137-TSE-IDD (E.D. Va., Feb. 10, 2014); *TLI Commc'ns LLC v. AV Automotive, L.L.C., For a Song, Inc., Max Media LLC, Twitter, Inc., and Vine Labs, Inc.*, No. 1:14-cv-00138-TSE-IDD (E.D. Va., Feb. 10, 2014); *TLI Commc'ns LLC v. AV Automotive, L.L.C., Max Media LLC, and Capital One, Inc.*, No. 1:14-cv-00140-TSE-IDD (E.D. Va., Feb. 10, 2014); *TLI Commc'ns LLC v. Lucidiom, Inc., and Richmond Camera Shop, Inc.*, No. 1:14-cv-00141-TSE-IDD (E.D. Va., Feb. 10, 2014); and *TLI Commc'ns LLC v. AV Automotive, L.L.C., For a Song, Inc., Hall Automotive, LLC, Max Media LLC, Facebook, Inc., and Instagram, LLC*, No. 1:14-cv-00142-TSE-IDD (E.D. Va., Feb. 10, 2014).  On June 12, 2014, the Joint Panel on Multi District Litigation ordered that these cases, along with ten other cases filed by TLI in Delaware, be consolidated for pretrial proceedings before this Court.  TLI filed this action against Capital One on May 28, 2014.

- TLI failed to plead sufficient allegations to assert liability by an infringer under 35 U.S.C. § 271(f).

- TLI failed to plead a basis for claiming enhanced damages pursuant to 35 U.S.C. § 284.

The infringement theories advanced by TLI in this case are similar if not the same as those theories asserted in *Google*. Therefore, in the interest of judicial economy, Capital One adopts and incorporates by reference the grounds and arguments made by Google in its Motion to Dismiss.

For the reasons stated in the Motion to Dismiss filed by Google and for those reasons stated below, TLI's claims of direct infringement, indirect infringement, and infringement under § 271(f) against Capital One fail. Thus, TLI's infringement claims as well as its request for enhanced damages should be dismissed as a matter of law.

## FACTUAL BACKGROUND

TLI purports to own the '295 Patent by assignment. (Compl. ¶ 16). The '295 Patent contains three independent claims, two of which are explicitly asserted in the Complaint along with their 22 dependent claims. (*See, e.g.*, *id.* ¶¶ 27, 40, 43). The asserted claims are both method claims (independent claim 17 and dependent claims 18–24) and system claims (independent claim 1 and dependent claims 2–16).

The '295 Patent purports to claim the invention of systems and methods for recording, transmitting, and categorizing digital images using a telephone. (*See generally* Compl.). The purported invention of the '295 Patent encompasses at least three distinct components, namely: (1) a "telephone unit" capable of taking digital images, (2) a "transmission system" for transmitting the images and classification information from the telephone unit to a remote server, and (3) a "server" for receiving and storing the images, taking into consideration the

classification information. The asserted system claims of the patent purport to cover these components (and various subcomponents). (*See* '295 Patent, claims 1–16). The purported invention also includes methods of operating these components consisting of at least six discrete steps, namely: (1) "recording" images using the phone, (2) "storing" the images on the phone, (3) "transmitting" the images and classification information to a server, (4) "receiving" the images and information on a server, (5) "extracting" the classification information, and (6) "storing" the images on the server by taking into consideration the classification information. The asserted method claims of the patent purport to cover these steps. (*See id.* claims 17–24).

## **LEGAL STANDARD**

A complaint must be dismissed if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Although a court ruling on a 12(b)(6) motion must assume the facts alleged in the Complaint to be true, it is not proper to assume that a plaintiff can prove facts that he has not alleged. *Associated Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). Nor is the Court required to consider unsupported legal conclusions or legal conclusions disguised as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*

Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should…be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* at 558

3

(citation omitted).  While extrinsic evidence is generally not to be considered at the Rule 12(b)(6) stage, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed."  *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396-97 (4th Cir. 2006); *see also Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006) (citations omitted).  Factual admissions by parties are, as a general rule, binding as judicial admissions, *see New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 24-25 (4th Cir. 1963), and the parties' exhibits, which are not in dispute, do not present matters outside the pleadings.

## ARGUMENT

**I.   TLI'S CLAIM OF DIRECT INFRINGEMENT BY "USE" SHOULD BE DISMISSED.**

TLI's Complaint asserts various theories of direct infringement against Capital One. (Compl. ¶¶ 27-32).  Although none of TLI's theories will survive scrutiny on the merits, two cannot even withstand a Rule 12(b)(6) motion:  (1) infringement by putting the claimed systems into use by providing users with software, and (2) joint infringement through users' and Capital One's alleged combined practice of the claimed systems and methods.

**A.   TLI'S CLAIM OF DIRECT INFRINGEMENT BY "USE" SHOULD BE DISMISSED.**

TLI alleges that Capital One directly infringes the '295 Patent by providing "platforms and software to mobile telephone users that provide and enable image uploading, thereby putting the invention into service."  (Compl. ¶ 29).  Seemingly, TLI is claiming that by providing software that users may or may not use to record and transmit images, Capital One is engaging in "use" of the elements of the claimed systems.

4

The Federal Circuit has held that "to 'use' a system for purposes of infringement, a party must put the invention into service, *i.e.*, control the system as a whole and obtain benefit from it." *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279, 1284 (Fed. Cir. 2011); *see also Rembrandt Social Media, LP v. Facebook, Inc.*, 950 F. Supp. 2d 876, 884 (E.D. Va. 2013). TLI's Complaint does not plead facts to support Capital One's "use" of the claimed system by "putting the invention into service" controls the system as a whole. Under *Centillion* and *Rembrandt,* therefore, TLI's allegation that Capital One "uses" the claimed systems in part by "provid[ing] platforms and software to mobile telephone users" is legally inadequate to state a claim for use of the claimed systems. (Compl. ¶ 29). Capital One's provision of software to its users, whether through mobile telephones, websites, or other "platforms," is not materially different than Qwest's provision of front-end data processing applications to its users in *Centillion.* And just as in *Centillion,* where that provision did not constitute "use" because merely supplying the applications was not "using the system," 631 F.3d at 1286, Capital One's provision of software to its users cannot, as a matter of law, constitute "use" of any alleged infringing system. *See also TecSec, Inc. v. Int'l Bus. Machs.,* 769 F. Supp. 2d 997, 1012 (E.D. Va. 2011) (citing *Centillion,* 631 F.3d at 1285-88).

This Court's decision in *Rembrandt* underscores the deficiencies in TLI's Complaint. As this Court explained in *Rembrandt,* "*Centillion* teaches that an infringer may use a system (i) by causing the system to perform the whole process and obtaining a benefit, or (ii) by placing into use each element of the claimed system." 950 F. Supp. 2d at 885. The *Rembrandt* complaint adequately alleged that the accused system "place[d] into use all three elements of the claim[ed] system" by providing detailed factual allegations explaining how the accused system put into use each claimed element. *Id.* at 886 (describing the detailed allegations of how each element of the

5

claimed system was put into use by the accused product). In addition, the *Rembrandt* complaint provided substantial factual support such that "the defendants, *not the consumers or customers,* [were] alleged to have, themselves, placed into use each element of the claim[ed] system." *Id.* (emphasis added).

In contrast to the *Rembrandt* complaint, TLI's Complaint does not plead facts to support Capital One's "use" of the claimed system by "putting the invention into service." TLI's Complaint alleges only that "Capital One provides platforms and software to mobile telephone users that provide and enable image uploading." That vague allegation does not reference any particular Capital One software or explain how any (let alone each) particular element of the system operates. It certainly does not establish that Capital One – as opposed to Capital One's "consumers or customers" – placed into use each element of the claimed system. *Rembrandt*, 950 F. Supp. 2d at 886. Accordingly, TLI's claim that Capital One is liable for others' "use" of the claimed system should be dismissed.

### B. TLI'S CLAIM OF JOINT INFRINGEMENT FOR OTHERS' "USE" SHOULD BE DISMISSED.

TLI also alleges that Capital One is liable for direct infringement under a theory of joint infringement. (Compl. ¶ 43). A defendant may only be liable for joint infringement of a method or system claim, however, if the defendant performs some limitations of the asserted claim *and* is vicariously liable for the performance of the remaining limitations by others. *See Centillion*, 631 F.3d at 1286-87; *see also Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1330 (Fed. Cir. 2008). Accordingly, for joint infringement liability to exist, the defendant must exercise "control or direction" over the performance of each limitation of the claim, including those that the defendant does not itself perform. *Muniauction*, 532 F.3d at 1329-30; *see also Move, Inc. v. Real Estate Alliance Ltd.*, 709 F.3d 1117, 1122 (Fed. Cir. 2013). Therefore, to plead joint

6

infringement adequately, a complaint must set forth facts from which the Court may infer that a defendant so thoroughly controls the performance of each step of the claimed invention that the steps that the defendant does not complete are nevertheless attributable to it. *See Muniauction*, 532 F.3d at 1329; *WL Gore & Assocs. v. Medtronic, Inc.*, 874 F. Supp. 2d 526, 570 (E.D. Va. 2012).

In support of its joint infringement claim, TLI alleges that "Capital One directs and/or controls the practicing of all claim elements" and "steps." (Compl. ¶¶ 29, 30). The factual allegations in TLI's Complaint, however, are insufficient to support that allegation.

First, TLI alleges that Capital One "enter[s] into contracts with its users," by which it apparently means the standard terms and conditions applicable to all online banking customers. (Compl. ¶¶ 29, 30). But TLI provides no facts regarding what the contract requires users to do – and certainly no allegations that it requires users to perform any claim limitation at issue here. *Id.*; *see also Centillion*, 631 F.3d at 1287 (noting that for joint infringement, "an agency relationship or other contractual obligation *to perform the steps* must exist" (emphasis added)); *WL Gore & Assocs.*, 874 F. Supp. 2d at 570 (same).

Second, TLI states that Capital One "instruct[s] its users how to upload digital images from mobile devices having telephones." (Compl. ¶¶ 29, 30). As the Federal Circuit has held, however, instructing users how to use an accused system does not amount to control or direction for purposes of joint infringement. *See Muniauction*, 532 F.3d at 1330 ("That Thomson controls access to its system and instructs bidders on its use is not sufficient to incur liability for direct infringement.").

Third, TLI alleges that Capital One *itself* performs several acts "automatically." (Compl. ¶¶ 29, 30). Those assertions, however, are irrelevant to joint infringement, where the question is

whether Capital One is vicariously liable for *directing or controlling another* to perform limitations that Capital One does not itself perform.  Moreover, there are certain steps – such as taking pictures – that the Complaint does not allege are performed automatically under any circumstance.

In short, TLI's assertions fall far short of alleging facts from which the Court may infer that an individual user's decision to take pictures, store them, and upload them from his or her camera phone to a server is directed or controlled by – and thus attributable to – Capital One. *WL Gore & Assocs.*, 874 F. Supp. 2d at 570.  TLI's Complaint ignores the inescapable reality that mobile phone users direct and control their own actions on their phones, deciding which applications to use, which images to capture, and whether to store such images locally or remotely.  *Cf. Centillion*, 631 F.3d at 1287 (holding that a defendant who provides software and technical assistance to a customer is not vicariously liable for the actions of its customers, because "it is entirely the decision of the customer whether to install *and operate* th[e] software"); *see also TecSec, Inc.*, 769 F. Supp. 2d at 1012.  TLI's Complaint thus fails to state a claim for joint infringement through the actions of users of Capital One's accused products.

## II.     TLI'S CLAIM OF INDIRECT INFRINGEMENT SHOULD BE DISMISSED.

TLI asserts that Capital One indirectly infringes the '295 Patent.  (Compl. ¶¶ 33-41). Under 35 U.S.C. § 271(b) or (c), a party may be liable for indirect infringement either by contributing to such infringement or by inducing another to infringe a patent.  *See generally Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2067-68 (2011).  TLI, however, does not adequately plead the required elements of either form of indirect infringement and offers no factual support to render its allegations plausible.

8

A.  **TLI'S CLAIM OF INDUCED INFRINGEMENT SHOULD BE DISMISSED.**

The U.S. Supreme Court's recent decision in *Limelight Networks, Inc. v. Akamai Technologies, Inc.*, 134 S. Ct. 2111 (2014), mandates dismissal of TLI's induced infringement claim. The *Akamai* Court held that a defendant is not liable for inducing infringement under 35 U.S.C. § 271(b) when no one has directly infringed under § 271(a) or any other statutory provision. 134 S. Ct. at 2114.[2] There, the plaintiff was "the exclusive licensee of a patent that claim[ed] a method of delivering electronic data using a content delivery network (CDN)." *Id*. at 2113. The defendant, Limelight Networks, Inc., also operated "a CDV and carrie[d] out several of the steps claimed in the patent, but its customers, rather than Limelight itself, perform[ed] a step of the patent known as 'tagging.'" *Id.* As stated *supra*, the Federal Circuit in *Muniauction* held that liability for direct infringement under 35 U.S.C. § 271(a) requires performance of all steps of a method patent to be attributable to a single party. *See Muniauction,* 534 F.3d 1318. The Supreme Court in *Akamai* expounded on *Muniauction*, stating:

> In that case the Court of Appeals rejected a claim that the defendant's method, involving bidding on financial instruments using a computer system, directly infringed the plaintiff's patent. The defendant performed some of the steps of the patented method, and its customers, to whom the defendant gave access to its systems along with instructions on the use of the system, performed the remaining steps. The court stated from "the proposition that direct infringement requires a single party to perform every step of a claimed method." [*Muniauction*, 534 F.3d] at 1329. This requirement is satisfied even though the steps are actually undertaken by multiple parties, the court explained, if a single defendant "exercises 'control or direction' over the entire process such that every step is attributable to the controlling party." *Ibid*. The court held that the defendant in *Muniauction* was not liable for direct infringement because it did not exercise control or direction over its customers' performance of those steps of the patent that the defendant itself did not perform. *Id.* at 1330.

---

[2] Google briefly addressed the impending *Akamai* decision in footnote 5 of its Memorandum in Support of Defendant Google, Inc.'s Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6) ("Memorandum in Support").

*Akamai*, 134 S. Ct. at 2116. Thus, "a method's steps have not all been performed as claimed by the patent unless they are all attributable to the same defendant, either because the defendant actually performed those steps or because he directed or controlled others who performed them." *Id.* at 2117.[3] In *Akamai*, Limelight did not undertake all steps of the patent at issue (*i.e.*, its customers performed the step of "tagging" or designating components to be stored on the patentee's servers), thus it could not held liable for direct patent infringement under § 271(a) and, necessarily, could not be held liable for indirect infringement under § 271(b).

Likewise, Capital One does not undertake all steps of the '295 Patent, and therefore cannot be held liable for direct or indirect infringement. Indeed, TLI's conclusory allegation that Capital One directly infringes the '295 Patent because it "provides platforms and software to mobile telephone users that provide and enable image uploading," does not reference any particular Capital One software or explain how any (let alone each) particular element of the system operates. (Compl. ¶ 29). It certainly does not establish that Capital One – as opposed to Capital One's "consumers or customers" – performs each step of the claimed system. Under *Muniauction* and *Akamai*, this is fatal to TLI's direct and induced infringement claims. *Akamai*, 134 S. Ct. at 2117 ("[L]iability for inducement must be predicated on direct infringement."); *see Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 341 (1961) (inducement liability may arise "if, but only if [there is] . . . direct infringement"). In short, the *Akamai* decision is unequivocal in its holding that a defendant cannot be liable for inducing infringement under 35 U.S.C. § 271(b) when no one has directly infringed under § 271(a). Such is the case here.

---

[3] Notably, the Supreme Court in *Akamai* declined to review the merits of the Federal Circuit's *Muniauction* rule for direct infringement under § 271(a). *See* 134 S. Ct. at 2120.

10

Moreover, TLI's Complaint does not plead facts to support the requisite specific intent to infringe on the part of Capital One. To adequately state a claim of induced infringement, TLI must allege that the purported inducer "possessed a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009). TLI pleads that Capital One has "specific intent to encourage the users to infringe the '295 Patent" (Compl. ¶ 35), but pleads no facts in support of such conclusory allegations. TLI fails to identify any of Capital One's specific products in its conclusory assertions regarding specific intent, and similarly fails to state factual allegations concerning how Capital One purportedly induces infringement of the relevant claims by any users of any of their accused products. *See, e.g.*, *Unisone Strategic IP, Inc. v. Life Techs.*, No. 13-CV-1278, 2013 WL 5729487, at *4 (S.D. Cal. Oct. 22, 2013) ("Plaintiff alleges Defendant 'has the specific intent to encourage its customers and suppliers to infringe the '538 patent directly by (among other things) intentionally encouraging and/or aiding its customers and suppliers to use [Defendant's] SCMS software.' This allegation fails because Plaintiff must allege 'more than just an intent to cause the acts that produce direct infringement.'"). Because the Complaint fails to allege facts plausibly indicating that Capital One harbors specific intent to infringe, it does not state a claim for induced infringement.

### B. TLI'S CLAIM OF CONTRIBUTORY INFRINGEMENT SHOULD BE DISMISSED.

TLI also asserts that Capital One indirectly infringes the '295 patent through contributory infringement. (*See* Compl. ¶¶ 33-41). TLI must "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses" to state a claim for contributory infringement. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012). The only facts TLI has pled regarding contributory

11

infringement are that Capital One "provides components, including image-uploading, downloadable applications, for use in systems, which facilitate the uploading of digital images from mobile devices having telephones." (Compl. ¶ 40). TLI's Complaint has not pled that the *only* substantial use the accused products can be put to is an infringing use; rather, its factual allegations, if true, establish only that those products *may* be used to infringe its patent.

The Federal Circuit has made clear that whether a product *may* infringe a patent is an entirely separate question from whether it *also* has a substantial non-infringing use. *See Bill of Lading*, 681 F.3d at 1338 ("For purposes of contributory infringement, the inquiry focuses on whether the accused products can be used for purposes *other than* infringement."). Moreover, the Federal Circuit rejected the argument that "if the products are used to [perform infringement], then the products have no substantial non-infringing uses." *Id.* TLI has failed to plead that the *only* substantial use the accused products can be put to is an infringing use, so TLI's claim of contributory infringement should be dismissed.

### III. TLI'S CLAIMS UNDER 35 U.S.C. § 271(f) SHOULD BE DISMISSED.

TLI's claims for liability under 35 U.S.C. § 271(f) are entirely conclusory and are not actionable. (*See* Compl. ¶ 42). These conclusory assertions are the only references in the entire Complaint to this theory of infringement liability. There are no specific facts recited in TLI's § 271(f) allegations. TLI does not even specify which provision of § 271(f) allegedly applies to any conduct of Capital One. This perfunctory assertion is insufficient to state a claim for infringement under § 271(f).

Moreover, to the extent that TLI is alleging liability under § 271(f) for infringement of one of its asserted method claims, TLI's theory runs contrary to settled Federal Circuit law holding that "Section 271(f) does not apply to method patents." *Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*, 576 F.3d 1348, 1365 (Fed. Cir. 2009) (en banc in relevant part); *see also*

*Zoltek Corp. v. United States*, 672 F.3d 1309, 1323 (Fed. Cir. 2012) ("[M]ethod patents do not have physical components that could be combined outside the United States as prohibited by § 271(f)."). Therefore, any claim by TLI that Capital One is liable under § 271(f) for infringing asserted method claims 17–24 of the '295 Patent is legally unfounded, and these claims should be dismissed. *See Cardiac Pacemakers*, 576 F.3d at 1365.

## IV. TLI'S REQUESTS FOR ENHANCED DAMAGES SHOULD BE DISMISSED.

TLI has not articulated a basis for claiming enhanced damages pursuant to 35 U.S.C. § 284. "It is well-settled 'that enhancement of damages must be premised on willful infringement.'" *Rembrandt*, 950 F. Supp. 2d at 883 (quoting *Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 923 F.2d 1576, 1578 (Fed. Cir. 1991)). TLI's Complaint contains no claim for willful infringement, and it contains no factual allegations that would support of a claim for willful infringement. Without a claim for willful infringement, TLI's request for enhanced damages is without a legal basis and should be dismissed. *See Beatrice*, 923 F.2d at 1578-79.

## CONCLUSION

For the foregoing reasons, Capital One respectfully requests that their Motion to Dismiss be granted and that TLI's claims against Capital One for direct infringement, indirect infringement, and infringement under § 271(f) as well as its request for enhanced damages, be dismissed.

Respectfully submitted,

**CAPITAL ONE FINANCIAL CORP.,
CAPITAL ONE, N.A., and
CAPITAL ONE SERVICES, LLC**

By: _____/s/_____
     Of Counsel

Robert A. Angle (VSB No. 37691)
H. Scott Kelly (VSB No. 80546)
Stanley W. Hammer (VSB No. 82181)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
robert.angle@troutmansanders.com
scott.kelly@troutmansanders.com
stan.hammer@troutmansanders.com

*Counsel for Defendants, Capital One Financial Corporation, Capital One, N.A., and Capital One Services, LLC*

14

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11th of July 2014, I filed a true and correct copy of the foregoing on the Court's Electronic Case Filing System, which will send a notice of electronic filing to the following:

>Philip John Harvey, Esq.
>Law Offices of Philip J. Harvey PLLC
>717 King Street
>Suite 300
>Alexandria, VA 22314
>703-888-1943
>Fax: 703-888-1930
>Email: pharvey@phlawoffice.com
>
>John Isaac Post, Esq.
>Law Offices of Philip J. Harvey PLLC
>717 King Street
>Suite 300
>Alexandria, VA 22314
>571-527-1431
>Fax: 703-647-6259
>Email: ipost@phlawoffice.com
>
>*Counsel for Plaintiff*

>         /s/
>Robert A. Angle (VSB No. 37691)
>H. Scott Kelly (VSB No. 80546)
>Stanley W. Hammer (VSB No. 82181)
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>Richmond, Virginia  23219
>Telephone: (804) 697-1200
>Facsimile: (804) 697-1339
>robert.angle@troutmansanders.com
>scott.kelly@troutmansanders.com
>stan.hammer@troutmansanders.com
>
>*Counsel for Defendants, Capital One Financial Corporation, Capital One, N.A., and Capital One Services, LLC*